IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAPITAL CITY LODGE No. 12 FRATERNAL ORDER OF POLICE, DETECTIVE HECTOR BAEZ, OFFICER JENNIE JENKINS, and DETECTIVE ELIJAH MASSEY,** : **Plaintiffs** : v. : **CITY OF HARRISBURG,** : **Defendant** : | Civil No. 1:10-CV-2458 J. Rambo |

# **M E M O R A N D U M**

Before the court is Defendant City of Harrisburg's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Federal Rule of Civil Procedure 19. (Doc. 4.) Because the court concludes that the party sought for joinder is not a necessary party to this action, the motion will be denied.

## **I.     Background**

Plaintiff, Capital City Lodge No. 12 of the Fraternal Order of Police filed the instant action on behalf of Plaintiffs Detective Hector Baez, Officer Jennie Jenkins, and Detective Elija Massey alleging that the Defendant, the City of Harrisburg ("the City"), violated the Fair Labor Standards Act ("FLSA") when it withheld the paychecks for the named Plaintiffs for hours worked between November 7, 2010, and November 21, 2010. (Doc. 1, ¶ 10.) The complaint demands the following relief: 1) payment of regular wages to Plaintiff officers; 2) payment of liquidated damages pursuant to 29 U.S.C. § 216(b) of the FLSA; 3)

payment of reasonable attorneys fees pursuant to 29 U.S.C. § 216; and 4) that if the alleged violations are found to be the result of a willful act of a person or persons, that the person or persons be subject to a fine of not more than $10,000 and a term imprisonment of not more than six months. (*Id.*)

The City filed the instant motion requesting that the court either join the City Controller as a defendant in this action, or, if the court determines that joinder is unfeasible, dismiss Plaintiffs' complaint with prejudice. The background of this action is as follows.[1]

Beginning in 2010, Plaintiff Jenkins received payroll checks even though no city budget allocation existed to support her wages. (Doc. 7, Def.'s Br. in Supp. of Mot. to Dismiss at 4.) The error was discovered by the Interim Business Administrator, Robert Kroboth. (*Id.*) To correct the error, Mr. Kroboth submitted a reallocation resolution to City Counsel to refund the Office of the Chief of Police for wages paid to Plaintiff Jenkins. (*Id.*) City Counsel rejected that reallocation. (*Id.*) Thereafter, Plaintiff Jenkins was transferred to a fully funded, vacant position within the Division of Policy Bureau. (*Id.* at 4-5.) On November 24, 2010, payroll checks, including checks for Plaintiffs, were forwarded to the Controller's office for his signature. City Controller Daniel C. Miller refused to sign the payroll checks. (*Id.* at 5.) In a memorandum to City Counsel dated November 22, 2010, Mr. Miller indicated that the transfer of Plaintiff Jenkins to the Division of Policy Bureau was improper and contrary to City Counsel's decision not to reallocate funds. (Doc. 4, Ex. C.) As a result, Mr. Miller refused to sign Plaintiffs' payroll checks. (*Id.* at ¶ 8.)

---

[1] The following facts, although taken from the City's brief in support of its motion to dismiss, appear to be uncontested, unless otherwise noted.

In response, Mr. Kroboth sent Mr. Miller an email dated November 24, 2010, explaining that the failure to pay Plaintiff officers was a violation of the FLSA. (*Id.* at Ex. D.) Plaintiffs filed this action against the City shortly thereafter. Plaintiffs were subsequently paid past and current wages on the next pay date. (Doc. 7 at 6.)

The City seeks to join the City Controller as a party to this suit pursuant to Federal Rule of Civil Procedure 19(a)(1)(A). Defendant argues that "the Controller is necessary to provide complete relief depending on the outcome of the case particularly because of the unique powers and authorities he maintains in the City's government." (Doc. 7, Def.'s Br. in Supp. of Mot. to Dismiss at 9.) Defendant reasons that because the Controller has already resisted attempts by other City officials to encourage FLSA compliance, there is nothing to stop the Controller from refusing the pay the Plaintiff officers, absent a court order specifically directing him to do so. (*Id.* at 10.) Defendant further asserts that the City Controller has the duty "to assure that no payments of public funds are made without appropriate budgetary allocations and funding" and that "no other public official shares this obligation." (*Id.*) In the City's view, the allegations that the City violated the FLSA arise from acts committed solely by the Controller in his capacity as Controller. (*Id.*)

Plaintiffs' oppose the motion, arguing that the City Controller is not a separate and distinct entity from the City of Harrisburg. (Doc. 5, Pl.'s Response to Def.'s Motion to Dismiss at 3.) Rather, Plaintiffs assert that the City Controller is a city official and therefore "part of the body of politic which makes up the City of Harrisburg as the 'employer' contemplated by the [FLSA]." (*Id.* at 5.) The court agrees and will deny the motion for the following reasons.

3

## II.     Standard

A defendant may move to dismiss a complaint for failure to join a party under Federal Rule of Civil Procedure 19. Fed. R. Civ. P. 12(b)(7). Rule 19(a)(1)(A) states:

> (a) Persons Required to Be Joined if Feasible.
>
>> (1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>
>>> (A) in that person's absence, the court cannot accord complete relief among existing parties.

Fed. R. Civ. P. 19(a)(1)(A). If the person is not a necessary party under the provisions of Rule 19(a), "the inquiry need go no further" because the party need not be joined. *Bank of Am. Nat'l Trust & Savings Assoc. v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1054 (3d Cir. 1988). If, however the person is necessary, but joinder is not feasible, the court must determined whether "the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b); *Bank of Am.,* 844 F.2d at 1054. The court must consider:

> [1] to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;
>
> [2] the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided;
>
> [3] whether a judgment rendered in the person's absence will be adequate; [and]
>
> [4] whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

4

Fed. R. Civ. P. 19(b). The substantive law governing the merits of the action dictates whether a person is "indispensable" to the action. *Provident Tradesmens Bank and Trust Co. v. Patterson,* 390 U.S. 102 (1968).

**II.     Discussion**

The Defendant's primary argument is that the City Controller is a necessary party to provide complete relief in this action, and, because the Controller is a "separately elected official" of the City with "specific lawfully mandated duties and authorities," the Controller should be joined as a Defendant to this action. (Doc. 7, Def.'s Br. in Supp. of Mot. to Dismiss at 9.) The Supreme Court has held, however, that a suit against an elected official in her official capacity is the equivalent of suing the municipality that she serves. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see also McTernan v. City of York*, 564 F.3d 636, 644 (3d Cir. 2009)(citing *Graham* and noting that the court dismissed claims against the mayor, the police commissioner and police sergeant in their official capacity); *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987)(citing *Graham* and finding no practical difference between suing the city and suing the mayor in his official capacity because the city is liable for official actions of its mayor); *Allen v. Elgin,* 2006 WL 3314557, at *11 (N.D. Ind. Nov. 9, 2006)(citing *Graham* and denying motion to dismiss for failure to join party under Rule 19(a)(1) holding that a township need not be made a party where the trustee of the township is sued in her official capacity). It logically follows that, in a suit where a municipality is a named

defendant, a municipal official need not be joined as a defendant provided that the municipal official is involved in his official capacity. Here, it is apparent that Defendant seeks to join the City Controller as a Defendant in his official capacity.[2] Accordingly, because there would be no practical difference between suing the City and suing a city official in his official capacity, the court sees no reason why joinder of the City Controller is necessary for this case to proceed.

    The City unsuccessfully attempts to distance itself from the actions of the Controller in order to paint the Controller's office as an entity separate and independent from the City itself. Defendant makes much of the fact that the Controller is a "separately elected official" with "specific lawfully mandated duties and authorities." (*Id*. at 9.) However, Defendant itself points out that "Under the [city] Charter, the City is governed by an elected counsel, an elected mayor, an elected treasurer, an elected controller and other appointed officials." (*Id*. at 7.) (citing 53 P.S. § 41402.) Thus, the Controller's office was created in the same manner and by the same instrument as other city offices, including the Mayor's and Treasurer's office. The court disagrees that the Controller's office is a separate entity from the City and considers the Controller to be a "city official" much like the Mayor, Treasurer, or a counsel member would also be considered a city official. If the court were to apply Defendant's reasoning, however, both the Mayor and the Treasurer would be considered separate and distinct parties from the City because they too are "separately elected officials" with "specific lawfully mandated duties and authorities." Such logic strains credulity and is in direct contravention to the

---

[2] For example, Defendant argues that "[t]he acts committed are solely those of the Controller, in his capacity as Controller." (Doc. 7, Def.'s Br. in Supp. of Mot. to Dismiss at 9.)

well-established precedent set forth in *Graham* and its progeny. *See, e.g., Jungels*, 825 F.2d at 1129 (finding no practical difference between suing city and suing mayor in his official capacity).

Moreover, the court finds that complete relief can be accorded among those already a party to the case. *See Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996) ("Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought.") Because there is no practical distinction between suing the City and suing the Controller in his official capacity, there is no reason why Plaintiffs can not be afforded their requested relief from the named Defendant. Thus, the City Controller is not a necessary party and our inquiry need go no further. *Bank of Am.,* 844 F.2d at 1054.[3]

An appropriate order will be issued.

S/SYLVIA H. RAMBO
United States District Judge

Dated: February 23, 2011.

---

[3] The court notes that even if we found the City Controller to be a necessary party, dismissal would nevertheless be inappropriate because, as Defendant itself points out, the court can shape the relief so as to lessen or avoid any prejudice to other government officials within the City of Harrisburg by, for example, issuing an order directed specifically to the Controller.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CAPITAL CITY LODGE No. 12
FRATERNAL ORDER OF POLICE,
DETECTIVE HECTOR BAEZ,
OFFICER JENNIE JENKINS, and
DETECTIVE ELIJAH MASSEY,**

    **Plaintiffs**

    v.

**CITY OF HARRISBURG,**

    **Defendant**

Civil No. 1:10-CV-2458

# O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the Defendant's motion to dismiss for failure to join a party pursuant to Rule 19 (Doc. 4) is **DENIED**.

                                                  S/SYLVIA H. RAMBO
                                                United States District Judge

Dated: February 23, 2011.